**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: Jeanette L. DelValle aka Jeanette Morales<br>　　　　　Debtor(s) | CHAPTER 13 |
| MANUFACTURERS AND TRADERS TRUST COMPANY ALSO KNOWN AS M&T BANK SUCCESSOR BY MERGER TO HUDSON CITY SAVINGS BANK, FSB<br>　　　　　Movant<br>vs. | NO. 21-10448 AMC<br><br>11 U.S.C. Section 362 |
| Jeanette L. DelValle aka Jeanette Morales<br>　　　　　Debtor(s)<br>Jesus DelValle<br>　　　　　Co-Debtor<br><br>Scott F. Waterman<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

　　1.　　The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence located at 1378 Anchor Street, Philadelphia, Pennsylvania 19124, is **$3,370.86** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: June 2022 through September 2022 in the amount $673.67/month | |
| Suspense balance : | ($361.82) |
| Additional Fees and Costs related to Relief Motion: | $1,038.00 |
| **Total Post-Petition Arrears** | **$3,370.86** |

　　2.　　The Debtor shall cure said arrearages in the following manner:

　　　　a). Within thirty (30) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$3,370.86.**

　　　　b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$3,370.86** along with the pre-petition arrears;

　　　　c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

4. Beginning with the payment due October 1, 2022 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $673.67 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month. All future payments made pursuant to the terms of this Consent Order should be forwarded to the following address until further notice:

> Bank of America, N.A.
> P O Box 660933
> Dallas, TX 75266

5. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

6. In the event the payments under Section 4 above are not tendered pursuant to the terms of this stipulation, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

7. If the case is converted to Chapter 7 and the loan is in default, Movant may file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

8. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

9. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

10. The parties agree that a facsimile signature shall be considered an original signature.

Date:   August 2, 2022                    **/s/ Rebecca A. Solarz, Esquire**
                                                          Rebecca A. Solarz,, Esquire
                                                          KML Law Group, PC.
                                                          Attorney for Movant

Date: 9/12/2022                           */s/ David M. Offen, Esquire*
                                                          David M. Offen, Esquire
                                                          Attorney for Debtor(s)

Date: 9/13/2022                           */s/ Ann E. Swartz, Esquire for*
                                                          Scott F. Waterman, Esquire
                                                          Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

                                                          Bankruptcy Judge
                                                          Ashely M. Chan